UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT S. CORNS, )
 )
         Plaintiff, ) Case No.: 2:15-cv-1233-GMN-VCF
vs. )
 ) **ORDER**
RESIDENTIAL CREDIT SOLUTIONS, INC., )
 )
         Defendant. )
 )

Pending before the Court is the Motion to Dismiss, (ECF No. 7), filed by Defendant Residential Credit Solutions, Inc. ("RCS").  Plaintiff Robert Corns ("Plaintiff") filed a Response in opposition, (ECF No. 24), and RCS replied, (ECF No. 27).  For the reasons set forth herein, the Motion to Dismiss will be **DENIED**.

I. **BACKGROUND**

This case centers upon allegations that RCS reported false and misleading information regarding the status of Plaintiff's mortgage, in violation of the Fair Credit Reporting Act ("FCRA"). (Compl., ECF No. 1).  Specifically, the Complaint alleges that Plaintiff filed for Chapter 13 bankruptcy protection in 2009. (*Id.* ¶ 7).  On October 22, 2010, Plaintiff agreed to a modification of a mortgage loan, which was outside of the bankruptcy plan. (*Id.* ¶ 11).  In April 2014, Plaintiff received a bankruptcy discharge. (*Id.* ¶ 8).  Two months later, in June 2014, RCS began servicing Plaintiff's mortgage loan. (*Id.* ¶ 9).

Plaintiff alleges that RCS subsequently misreported Plaintiff's account as "discharged in bankruptcy" to Experian, Equifax, and TransUnion. (*Id.* ¶ 10).  Plaintiff claims to have disputed this reporting with each of the three credit reporting agencies on or around May 8, 2015. (*Id.* ¶¶ 15-16). On May 25, 2015, RCS corrected the report with Experian by deleting references to Plaintiff's bankruptcy. (*Id.* ¶ 18). However, Plaintiff claims that RCS failed to correct its

reporting with Equifax and TransUnion. In regard to Equifax, Plaintiff alleges that RCS "verified" Plaintiff's account as being included within the bankruptcy. (*Id.* ¶ 20). In regard to TransUnion, Plaintiff claims that RCS deleted the entire line item from the report, rather than correcting it. (*Id.* ¶ 19).

Based on these allegations, the Complaint sets forth a cause of action against RCS for violating § 1681s-2(b) of the FCRA. In the instant Motion, RCS argues that this cause of action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.     DISCUSSION

The Fair Credit Reporting Act ("FCRA") requires that entities which furnish information to credit reporting agencies report accurate information and take action to investigate notices of dispute by consumers. *See* 15 U.S.C. § 1681s-2. Specifically, 15 U.S.C. § 1681s-2(b)(1) governs the responsibilities of furnishers of information and sets forth the necessary elements to state a claim under the FCRA. *See, e.g.*, *Klaizner v. Countrywide Fin.*, No. 2:14-cv-1543-JCM-PAL, 2015 WL 627927, at *5 (D. Nev. Feb. 12, 2015).

To state a claim under the FCRA, a plaintiff must show that: (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1)(A)-(E). *Id.*; *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

In this case, Plaintiff's claim satisfies all of these elements. Plaintiff alleges that upon discovering his account with RCS had been reported as "discharged in bankruptcy," he promptly filed disputes with Equifax, Experian, and TransUnion. (Compl. ¶¶ 10, 15, 16). Furthermore, Plaintiff alleges that RCS received notice of his disputes on May 14, 2015, and though RCS appropriately corrected the information in regard to Experian, it failed to do the same in regard to Equifax and TransUnion. (Compl. ¶¶ 17-20).

Pursuant to the FCRA, a furnisher, upon discovering that it provided incomplete or inaccurate information, must report corrections to all credit reporting agencies to which it originally furnished the information. 15 U.S.C § 1681s-2(b)(1)(D). Here, Plaintiff has

sufficiently alleged that RCS discovered it had provided incomplete or inaccurate information regarding his mortgage account, yet failed to appropriately report corrections to two of the three credit reporting agencies.  Accordingly, the Court finds that Plaintiff has stated a claim under § 1681s-2(b), and RCS' Motion will be denied.

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Residential Credit Solutions Inc.'s Motion to Dismiss, (ECF No. 7), is **DENIED**.

**DATED** this __3__ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court